STATE of Texas, et al., Appellants,

v.

SUN OIL COMPANY (DELAWARE), et al., Appellees.

No. 3–87–065–CV.

Court of Appeals of Texas, Austin.

Nov. 4, 1987.

Rehearing Denied Dec. 2, 1987.

Jim Mattox, Atty. Gen., Harriet D. Burke, Asst. Atty. Gen., Austin, for State of Texas, et al.

Carla Howard, Emily A. Parker, Thompson & Knight, Dallas, for Sun Oil Co., et al.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

SHANNON, Chief Justice.

Appellees Sun Oil Company (Delaware) and Sun Oil Company (Pennsylvania) filed suit in the district court of Travis County to recover franchise taxes paid under protest to the Comptroller of Public Accounts. After a bench trial, the district court rendered judgment that appellees recover the sum of $71,722.57 and that appellees take nothing as to their claim for the sum of $234,299.54. The State filed an appeal complaining of the rendition of the affirmative judgment for appellees and appellees perfected a cross-appeal of the judgment denying them recovery of $234,299.54. This Court will affirm the judgment in all things.

The principles which determine the questions in this appeal are set out in *State of Texas, et al. v. Sun Refining & Marketing, Inc., et al.,* 740 S.W.2d 552, handed down by this Court this day. Nonetheless, so that there will be no misunderstanding with respect to the same or similar problems in the future, see *Bullock, Comptroller of Public Accounts of the State of Texas, et al. v. Sage Energy Company,* 728 S.W.2d 465 (Tex.App.1987, writ ref'd n.r.e.), this Court will summarize the particular contingent liability accounts here involved and passed on.

After audit, the Comptroller determined that appellees[1] had improperly characterized certain contingent accounts as liabilities, thereby excluding them from surplus for franchise tax purposes. Accordingly, the Comptroller required appellees to include as assets in surplus their: (1) Federal Power Commission Accounts; (2) Vela Litigation Reserve Accounts; (3) Reserve Account for Offshore Dismantling Costs; and (4) Reserve Account for Franchise Taxes.

**Federal Power Commission Accounts**

Appellees maintained accounts reflecting their estimate of liabilities that had arisen in connection with the regulation of the sales price of natural gas by the Federal Power Commission. The accounts were known as the "FPC Suspended Proceeds" and "Rayne Gas Field Litigation." The amounts recorded in these accounts reflected appellees' estimate of the amount of money that would have to be paid under federal regulations in connection with sales that had been produced and sold prior to the time the amounts were recorded.

The parties stipulated that the amounts recorded each year were reasonable. Generally accepted accounting principles required that the amounts be recorded.

**Vela Accounts**

The State or royalty owners sued appellees claiming that appellees had not paid royalties for gas production at the appropriate market value. After appellees' lawyers had determined that there was probable liability, and after an estimate of that

---

**1.** Because the interest of each appellee is identical, for convenience, each will not be particularized by name.

liability was made on the basis of the best available data, appellees created the accounts. The parties stipulated that the estimate was reasonable. Generally accepted accounting principles required that the liability be recorded.

### Reserve Accounts for Dismantling Offshore Platforms

Appellees established these accounts which reflected appellees' estimate of their liability to remove drilling platforms from leases in federal offshore waters. Appellees were obligated to remove such platforms under the terms of their leases from the federal government and were also required to remove them by federal statutes and regulations. The parties have stipulated that appellees' estimates of the amount of these liabilities were reasonable and that generally accepted accounting principles required the accounts to appear on appellees' books and records.

### Franchise Tax Account

· During the period when appellees were being audited, appellees became aware that the Comptroller would claim that they owed a substantial amount of franchise taxes. After review by appellees' accountants and lawyers, appellees believed they would be obligated to pay. The parties stipulated that the amount of the estimate was reasonable and that recording the estimate was required by generally accepted accounting principles. In fact, the amount of back franchise taxes paid without protest was substantially in excess of the estimate. It is clear that there was some liability for back franchise taxes.

■ It is plain that the contingent liability accounts were based upon existing liabilities and were reasonable estimates. If appellees had failed to include those obligations as debts or liabilities, appellees' surplus would have overstated appellees' financial condition. The State's points of error complaining of the judgment of the district court, in this respect, are overruled upon the authority of *State of Texas, et al. v. Sun Refining & Marketing, Inc., et al.,*

740 S.W.2d 552 (Tex.App.1987), and supporting authorities.

■ By cross-appeal, appellees (cross-appellants) complain of that part of the judgment denying them recovery of $234,-299.54. The foundation for the court's denial is found in its order sustaining the State's plea to the jurisdiction. In its plea to the jurisdiction, the State pointed out appellees paid the money in question *without accompanying protest.*

Texas Tax Code Ann. §§ 112.051, 112.052 provide:

§ 112.051. Protest Payment Required

(a) If a person who is required to pay to any department of the state government an occupation, gross receipts, franchise, license, or other privilege tax or fee contends that the tax or fee is unlawful or that the department may not legally demand or collect the tax or fee, the person shall pay the amount claimed by the state, and if the person intends to bring suit under this subchapter, the person must submit with the payment a protest.

(b) The protest must be in writing and must state fully and in detail each reason for recovering the payment.

§ 112.052. Taxpayer Suit After Payment Under Protest

(a) A person may bring suit against the state to recover an occupation, gross receipts, franchise, license, or privilege tax or fee required to be paid to the state, if the person has first paid the tax under protest as required by Section 112.051 of this code.

(b) A suit under this section must be brought within 90 days after the day the protest payment was made, or the suit is barred.

As we understand, cross-appellant corporations included the accounts, representing the sum in dispute, as assets in calculating their franchise tax. They filed their franchise tax reports and paid their reported tax for the tax years in issue (1970 through 1975) without any protest.

It is plain that when cross-appellants filed and paid their franchise tax reports (in

which they listed the accounts in question as assets in surplus), they did not protest the payments. Accordingly, it is equally plain that because cross-appellants did not comply with §§ 112.051 and 112.052, the district court correctly denied their claim of $234,299.54. *Nu–Way Oil Co. v. Bullock*, 546 S.W.2d 336 (Tex.Civ.App.1976, no writ).

The judgment is affirmed.